# Chambers Law Office

Richard C. Chambers, Jr.
Joseph Spinale
Robert Joost*
Nicole Curcis*
Paralegal *

220 Broadway, Suite 404
Lynnfield, MA 01940
Tel: (781) 581-2031
Fax: (781) 581-8449
www.chamberslawoffice.com

July 3, 2026

**VIA ECF**

U.S. Court of Appeals For the First Circuit
Attn: Clerk
One Courthouse Way Suite 2500
Boston, MA 02210

**Re:**     ***Recchia v. Healy et al.* (Case No. 25-1817)**
        **Appellant's Fed. R. App. P. 28(j) Letter of Supplemental Authority**

Dear Clerk:

Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, I write to inform the Court of a new development in the U.S. Supreme Court that affects Issue One in the above-noted appeal, which was argued and submitted approximately three months ago.

Issue One in our appeal challenges the Massachusetts Legislature's ban on possession of so-called assault rifles. As we explained in our brief, the Second Amendment, when ratified, guaranteed that United States citizens would have the fundamental right to keep and bear the same arms carried by the citizen soldier in the militia so as to guard against tyranny by any government. We noted that this reasoning has not been factored into decisions upholding bans on assault-type weapons, which have instead focused only on personal self-defense.

On June 30, 2026, the U.S. Supreme Court granted certiorari in two cases that bear directly on this issue: No. 25-238, *Viramontes, Cutberto, et al. v. Cook County, Illinois, et al.*, and No. 25-566, *Grant, Eddie, et al. v. Higgins, Ronnell, et al.* The Court granted the petitions as

to the question presented in No. 25-238 and consolidated the cases, allotting one hour for oral argument.

That question asks whether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles. See Pet. 3–4. The briefs argue that the AR-15 platform rifle is the modern descendant of the rifles borne by Revolutionary-era militiamen, that it is among the most popular long guns in the country, and that Cook County's ordinance, restricting so-called assault weapons, bans by name and by features a wide range of semiautomatic rifles, including AR-15 and AK-47 platforms.

These cases, in which the Supreme Court has granted certiorari (along with others in which certiorari is pending), involve virtually the same issues now before this Court in Issue One of our appeal. We therefore respectfully ask that the Court take whatever action it deems just, proper, and equitable in light of this development.

Respectfully submitted,

Richard C. Chambers Jr., Esq.
BBO#: 651251
Chambers Law Office
220 Broadway, Suite 404
Lynnfield, MA 01940
Office: (781) 581-2031
Fax: (781) 581-8449
Email: Richard@chamberslawoffice.com

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with Fed. R. App. P. 28(j) because the letter contains less than 350 words.

/s/ _Richard C. Chambers Jr._
Richard C. Chambers Jr., Esq.
Attorney for Appellant,
GINO MARIO RECCHIA, III,
individually and as owner of
Mass Armament, LLC, Inc.

July 3, 2026

## CERTIFICATE OF SERVICE

I certify that on July 3, 2026, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the Court's CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ _____
Richard C. Chambers Jr., Esq.
Attorney for Appellant,
GINO MARIO RECCHIA, III,
individually and as owner of
Mass Armament, LLC, Inc.